IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antwon Goodwin, #249157, <br><br> Plaintiff, <br><br> v. <br><br> Warden Stonebreaker; Lt. Martinez; Ofc. Stubbs; Warden Ray; Major Graves; Bryan Stirling; Joseph Stines; Dennis Patterson; Joel Anderson; and South Carolina Department of Corrections., <br> Defendants. | C/A No. 2:25-13438-JFA-MGB <br><br><br> **ORDER** |

## I.      INTRODUCTION

Plaintiff Antwon Goodwin ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this action on November 18, 2025. (ECF No. 1). Thereafter, Plaintiff filed a Motion for Contempt, (ECF No. 8), and a Motion for Order to Show Cause, (ECF No. 9). After reviewing these motions, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 13). Within the Report, the Magistrate Judge opines Plaintiff's Motion for Contempt, (ECF No. 8), and his Motion for Order to Show Cause, (ECF No. 9) should be denied.

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections[1] to the Report on May 11, 2026 (ECF No. 20). Therefore, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

---

[1] This Court considers Plaintiff's objections timely. Accordingly, Plaintiff's Motion for an Extension of Time, (ECF No. 17), is terminated as moot.

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

3

### III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 13). Plaintiff's Motion for Contempt, (ECF No. 8), is brought pursuant to 18 U.S.C. § 401 against Defendant Stines based on a new "statewide edict, incorporated into SCDC Policy #GA-01.03, 'Inmate Access to Courts.'" *Id.* at 1. This policy states "that no SCDC prisoners will be allowed to retain more than three (3) boxes of legal property, and any legal property possessed by any SCDC prisoner in excess of 3 boxes must be promptly disposed of or mailed at the prisoner's expense to someone on the outside, without any opportunity for hearing to contest this, nor to obtain any exemptions." *Id.* s*ee also* (ECF No. 9-2). Plaintiff argues that this policy is "intended to undermine and sabotage SCDC prisoners' ability to fully and fairly pursue anticipated and active litigations." (ECF No. 8, p. 2). In his Motion for Rule to Show Cause, Plaintiff requests that the Court issue "a rule against [Defendant Stines] . . . to show cause if any he can, why he should not be held in contempt of court." (ECF No. 9).

The Report recommends that both of Plaintiff's Motions be denied because the Court has not yet issued an order in this case, "[r]ather, Plaintiff is more accurately challenging the constitutionality of SCDC's 'Inmate Legal Boxes' policy—a clam that is not related to and/or raised in the Complaint." (ECF No. 13, p. 3) (internal citation omitted).

Conversely, in his Objections, Plaintiff states that the Magistrate Judge's denial of his Motion based on no prior issuance of an order was in error because "Plaintiff sought and seeks criminal contempt as well for facts in presence of the court or so near there to as

4

to obstruct the administration of justice, enforceable under § 401(1) and the common law, and plaintiff seeks relief, not just remedial to himself, but to enforce the authority and dignity of This court." (ECF No. 20, p. 1) (written as appears in original).

18 U.S.C. § 401(1) provides that a court of the United States has the power to punish by fine or imprisonment "misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice …" While the Report may have focused its attention on the lack of a prior court order, upon a *de novo* review, its ultimate recommendation is accepted by this Court. Plaintiff is essentially arguing that the underlying policy he challenges is unconstitutional and accordingly Defendants' compliance with this statue is obstructing the administration of justice. This assertion is not related to any issues raised in his Complaint and does not adequately allege contempt as contemplated under 18 U.S.C. § 401. Accordingly, Plaintiff's objection is denied.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 13). This matter shall be referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

June 2, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

5